UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FSC FRANCHISE CO., LLC, et al.,

    Plaintiffs,

v.                                    CASE NO: 8:10-cv-450-T-23TBM

BEL-MAR, INC., et al.,

    Defendants.
_____/

## **ORDER**

The plaintiffs franchise "Beef O'Brady's Family Sports Pubs" throughout the United States. The plaintiffs sue the defendants for breach of a franchise agreement permitting the defendants to operate a "Beef O'Brady's" restaurant in Conway, South Carolina. The complaint alleges that the defendants breached the agreement by closing the Beef O'Brady's restaurant and opening a competing restaurant in the same location. Upon motion by the plaintiffs, the Clerk entered defaults (Docs. 15, 16, 17, 18) against each defendant pursuant to Rule 55, Federal Rules of Civil Procedure. The plaintiffs move (Docs. 21, 22, 23, 24) "for entry of permanent injunction after default against" each defendant, which motions are construed as motions for default judgment on the plaintiffs' claims for injunctive relief. The defendants neither respond to the motions nor request an enlargement of time to respond. Accordingly, the plaintiffs' motions are (Docs. 21, 22, 23, 24) are **GRANTED IN PART** as follows.

For a period of two years[1] following the entry of this order, the defendants, Bel-Mar, Inc., Ryan Belcher, Gary Goss, and Thomas Marzano, and any agent, servant, employee, attorney, and any other person or entity who is in active concert or participation with any defendant are **ENJOINED** from:

1. Operating "Cricklewood's" or any other "competitive business"[2] (1) at or within 15 miles of 2676 Church Street, Conway, South Carolina, or (2) within 15 miles of any other Beef O'Brady's Family Sports Pub in operation or under construction on the date of this injunction.

2. Copying, disclosing, or publishing any of the plaintiffs' "confidential information" as defined in the franchise agreement.[3]

---

[1] Although the plaintiffs request a permanent injunction, the "Competitive Restrictions" clause of the franchise agreement attached to the complaint permits only a two-year restriction on operating a competing business. (Doc. 1-1, ¶ 17.4)

[2] As defined in the franchise agreement (Doc. 1-1), a "competitive business" includes any business or facility owning, operating, managing, or franchising a bar, sports pub, or food service facility "that features chicken wings, beef, hamburgers, chicken or sandwiches as any of its menu items (other than a Family Sports Pub under a franchise agreement with [the plaintiffs])." (Doc. 1-1 at 48)

[3] Under the franchise agreement, "confidential information" includes the following:

> (i) the System and the know-how related to its use; (ii) plans, specifications, size and physical characteristics of Family Sports Pubs; (iii) site selection criteria, land use and zoning techniques and criteria; (iv) methods in obtaining licensing and meeting regulatory requirements; (v) sources, design and methods of use of equipment, furniture, forms, materials, supplies, Websites, Internet or Intranet, "business to business" or "business to customer" networks or communities and other e-commerce methods of business; (vi) marketing, advertising and promotional programs for Family Sports Pubs; (vii) staffing and delivery methods and techniques for personal services; (viii) the selection, testing and training of managers and other employees for Family Sports Pubs; (ix) the recruitment, qualification and investigation methods to secure employment for employment candidates; (x) any computer software mad available or recommend for Family Sports Pubs; (xi) methods, techniques, formats, specifications, procedures, information and systems related to and knowledge of and experience in the development, operation, advertising, marketing and franchising of Family Sports Pubs; (xii) knowledge of specifications for and identities of and suppliers of certain products, materials, supplies, furniture, furnishings and equipment; (xiii) recipes, formulas, preparation methods and serving techniques; (xiv) knowledge of operating results and financial performance of Family Sports Pubs other than those operated by you (or your affiliates).

3. Copying, disclosing, or publishing any of the information contained in the plaintiffs' "Confidential Operations Manual and Marketing Manual."

4. Disclosing or publishing the plaintiffs' trade secrets and confidential business information, including the "System" as defined in the franchise agreement.[4]

The February 22, 2010, order (Doc. 4) referring the plaintiffs' motion for a preliminary injunction to the magistrate judge is **VACATED**, the reference is **WITHDRAWN**, and the plaintiffs' motion (Doc. 3) for a preliminary injunction is **DENIED AS MOOT**. Because "no just reason for delay" exists under Rule 54(b), Federal Rules of Civil Procedure, the Clerk is directed to enter default judgment in favor of the plaintiffs and against each defendant on Counts III and IV of the complaint. On or before **Friday, May 21, 2010**, the plaintiffs shall show cause in writing why the remaining claims should not be dismissed for failure to move for default judgment and failure to prosecute. Failure to comply with this order will result in dismissal of the remaining claims without further notice.

ORDERED in Tampa, Florida, on April 20, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[4] The franchise agreement defines the "System" as "[t]he distinctive business formats, methods, procedures, designs, layout, signs, equipment, menus, recipes, trades dress, standards and specifications we have developed and may improve, further develop or otherwise modify from time to time under which the Family Sports Pubs operate." (Doc. 1-1 at 51)